NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| In the Matter of: HAWAIIAN AIRLINES, INC., Chapter 11 bankruptcy,<br><br>           Debtor.<br>───────────────────────<br>ROBERT C. KONOP,<br><br>           Appellant,<br><br>   v.<br><br>HAWAIIAN AIRLINES, INC., a Hawaii Corporation,<br><br>           Appellee. | No. 08-17696<br><br>D.C. No. 1:08-cv-00405-DAE-BMK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the District of Hawaii
David A. Ezra, District Judge, Presiding

Submitted October 19, 2010**

Before:    O'SCANNLAIN, TALLMAN, and BEA, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). Accordingly, Konop's motion to have oral argument held in Pasadena, California, is denied.

Robert C. Konop appeals pro se from the district court's order dismissing his appeal from a bankruptcy court order, because Konop did not file an opening brief. We have jurisdiction under 28 U.S.C. § 158(d). We review for an abuse of discretion the dismissal for non-compliance with non-jurisdictional bankruptcy rules. *See Fitzsimmons v. Nolden (In re Fitzsimmons)*, 920 F.2d 1468, 1471 (9th Cir. 1990). We vacate the district court's order dismissing Konop's appeal, and remand the case for further proceedings.

The district court's order of dismissal did not discuss all of the relevant factors for determining whether Konop demonstrated excusable neglect in failing to file a timely opening brief, including danger of prejudice to the opposing party, the impact of the delay on the proceedings, and whether Konop acted in good faith. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd.*, 507 U.S. 380, 395 (1993) (listing factors that court should explicitly consider in analyzing excusable neglect). Because it is unclear from the record whether the district court properly analyzed excusable neglect, we remand for further proceedings. *See Lemoge v. United States*, 587 F.3d 1188, 1192-93 (9th Cir. 2009) (remanding where district court failed to identify or properly conduct the relevant analysis in determining whether a party demonstrated excusable neglect).

We deny both parties' requests for judicial notice.

08-17696

We deny Konop's motion for panel assignment.

Each party shall bear its own costs on appeal.

**VACATED and REMANDED.**